IN THE UNITED STATES DISTRICT COURT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JOHN DOE | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MCDONOGH SCHOOL, INCORPORATED | ) |
| | ) Civil Action No. _____ |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY

### Introduction

Plaintiff John Doe ("plaintiff"), by and through counsel moves to proceed pseudonymously. Plaintiff's complaint alleges that he was sexually abused over the course of many years as a high school student at McDonogh School. To have this sensitive and highly personal saga from his childhood exposed to his friends and family now would be extremely harmful to his mental health. Because of the clear risk of significant harm to plaintiff, and because of the lack of harm or unfairness to defendant, this Court should exercise its discretion and allow plaintiff to proceed pseudonymously in this matter.

### Argument

I.  **Legal Standard**

The Federal Rules require every complaint identify all parties. Fed. R. Civ. Pro. 10(a). However, this rule is only a presumption and "under appropriate circumstances anonymity may, as a matter of discretion, be permitted" by the trial court based on the circumstances of each particular case. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In the Fourth Circuit, courts

apply five "nonexhaustive" factors to analyze if anonymity ought to be permitted. *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). The five factors are:

> (1) [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> 2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and,
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, at 238) (internal quotations omitted). The court must additionally consider the balance between the "stated interest in anonymity against the public's interest in openness." *Id.* (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)).

District courts in the Fourth Circuit have unfortunately had numerous opportunities to apply this rule to cases of sexual abuse and have found that plaintiffs alleging sexual abuse deserve to be protected by anonymity. *See e.g., Doe v. Sidar*, 93 F.4th 241, 250 (4th Cir. 2024) (Wilkinson, J., concurring) ("There are few crimes so violative of human autonomy and dignity as rape. And insult compounds this injury as victims of this heinous crime are often stigmatized through no fault of their own. District courts must retain discretion to protect the privacy of those who have suffered such an offense.") The balance of the five factors and the interests involved will demonstrate the justification for proceeding pseudonymously in such cases.

2

## II.     The Need for Protection of Plaintiff Supports Anonymity

The five *James* factors weigh in favor of proceeding pseudonymously. Plaintiff will be harmed by revelation of the abuse that was inflicted on him. Conversely, defendant will suffer no harm from this plaintiff proceeding pseudonymously, and there is no unusual public interest to justify forcing plaintiff to disclose their identity. Proceeding pseudonymously is therefore justified in this case.

The first three *James* factors focus on the effect on the party seeking the protection of anonymity. Are they seeking to protect important privacy interests or to merely avoid routine annoyance of litigation? *See Doe v. Doe*, 85 F.4th at 211. Are they or others under a risk of physical or mental harm? *Id.* Are they a minor who needs additional protections? *Id.* These factors demonstrate the need for pseudonymity here.

Courts have unambiguously found that the revelation of sexual abuse is an important privacy interest that must be protected, thereby satisfying the first *James* factor. *Sidar*, 93 F.4th at 247 ("the issues here are not merely sensitive—they involve intimate details of Doe's sexual assault and resulting psychological trauma. Courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault.") (internal citations and quotations omitted); *Doe v. Mercy High Sch., Inc.,* No. 1:23-CV-01184-JRR, 2024 WL 3103396, at *6 (D. Md. June 24, 2024) (collecting cases holding that "allegations of sexual assault are of a 'sensitive and highly personal nature,' and thus satisfy this [first] factor.") (citing *James*, at 238); *Doe v. Doe*, 85 F.4th at 212 (citing with approval the district court's holding that "[n]umerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault").

To prove his case, plaintiff will have to reveal the specific details of his repeated sexual abuse over the course of his time at McDonogh. To mount a proper defense, defendant will need to challenge the veracity of his story and hash out every fine detail of the abuse and of the resulting harm. These are extraordinarily private matters, that plaintiff has kept private his entire life. *Compare with, Doe v. Weston & Sampson Eng'rs, Inc.*, 743 F. Supp. 3d 751, 762 (D.S.C. 2024) (holding that while sexual assault allegations generally have a "particular" privacy interest sharing the alleged sexual assault on a Facebook group with sixteen thousand members negated plaintiff's privacy claims). This crucial factor strongly weighs in favor of plaintiff's request.

Courts have also held that revelation of these private details of sexual assault can cause serious harm, thereby satisfying the second *James* factor. "[T]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact." *Doe v. Anne Arundel Cnty.*, No. 1:23-CV-03451-JRR, 2024 WL 2053719, at *2 (D. Md. May 8, 2024) (citation omitted); *K.I. v. Tyagi*, No. 1:23-CV-02383-JRR, 2024 WL 342899, at *2 (D. Md. Jan. 30, 2024) (same). Once the facts of plaintiff's abuse become known they will spread and will not soon be forgotten. *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) ("[i]n today's Internet age, the docket filings are likely to remain pervasively available. It is not simply that Doe may face embarrassment . . . but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access."); *Doe v. Cabell Huntington Hosp., Inc.*, No. CV 3:23-0437, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) ("The Court is not swayed by Defendant's argument that Plaintiff will not suffer harm from further disclosure of her medical information because she is not a resident of Cabell County, West Virginia. The Court's public

4

docket is just that, public. Plaintiff's Complaint is accessible to individuals outside of this judicial district.")

If plaintiff's family and friends are to become aware of the history of the abuse plaintiff suffered, as they likely will in the event plaintiff's request is denied, it will inflict serious mental harm on plaintiff. Despite his efforts to move on and build a successful life for himself, the old wounds are still present. Being freshly confronted by those in his life now with the details of what happened then would be devastating. The risk of harm to plaintiff weighs strongly in favor of proceeding pseudonymously.

The third factor asks if the party requesting pseudonymity is a minor or if the allegations involve minors. *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297, 302 (D. Md. 2024). Although plaintiff was a minor when the events in the complaint occurred, plaintiff is no longer a minor. This factor therefore does not weigh in favor of proceeding pseudonymously. *Id.*; *Mercy High Sch., Inc.*, 2024 WL 3103396, at *7 (holding this third factor does not justify anonymity when an adult alleges sexual abuse that occurred when she was a minor.)

### III. No Other Interests Will Be Harmed If Plaintiff Proceeds Pseudonymously

The last two *James* factors weigh the harm to the opposing party. *Doe v. Doe*, 85 F.4th at 211. The court must also weigh the harm to the broad public interest in openness. *Id*. Given the facts of this case, there is no or minimal harm to defendants that will be caused by allowing plaintiff to proceed pseudonymously, and neither their interest nor the public interest outweighs plaintiffs crucial needs to proceed pseudonymously.

The fourth *James* factor requires complex balancing. On the one hand, the public interest in openness is elevated when the government is a defendant—weighing against pseudonymity.

*Pub. Citizen*, 749 F.3d at 274. On the other hand, courts have held this factor weighs in favor of pseudonymity if the defendant is a government. *Doe*, 85 F.4th at 215. The rationale behind this is that "[u]nlike actions against private parties, [a]ctions against the government do no harm to its reputation." *Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (internal quotations omitted). As discussed below, defendant's reputation will not suffer further harm from this individual plaintiff's allegations. And because defendant is not a government, the increased public interest does not weigh against pseudonymity. This factor therefore weighs in favor of granting pseudonymity.

The fifth and final *James* factor asks about unfairness to the opposing party. *Doe v. Doe*, 85 F.4th at 211. Courts have identified a few potential areas of unfairness. Primarily, this factor hinges on the defendant's confusion as to the identity of the plaintiff and a resulting inability to defend. *See e.g., Towson Univ.*, 2022 WL 18142844, at *2. This is inapplicable when the defendant is aware of who the plaintiff is. *Id.; Spoa, LLC*, 2013 WL 5634337, at *3. Once a protective order has been filed in this matter, Plaintiff is prepared to confidentially reveal his identity to defendant to enable it to present a full defense.

Courts have identified broader "unfairness" concerns in many anonymous cases which are not present here. Anonymity presents the potential of a "shield behind which false or defamatory charges may be launched without shame or liability, thus creating the risk a blameless defendant will suffer embarrassment and reputational damage merely by being sued." *Doe v. Sidar*, 93 F.4th 241, 249 (4th Cir. 2024) (internal quotations omitted). This fear is clearly no longer relevant once liability has been established. *Id.* In this case, while liability has not been established for

6

McDonogh's negligence towards plaintiff specifically, McDonogh itself has admitted to the underlying horrific abuse carried out by the individuals named in the complaint while staff turned a blind eye. *See generally*, Complaint ¶¶ 16-20. There is no blameless defendant here.

There is also no fear of an anonymously sullied reputation here, even disregarding defendant's admission of the essential facts. A plethora of lawsuits alleging similar facts have already been filed against defendant. *See e.g.,* CBSNews, *Dozen more former students allege sexual abuse at Baltimore County private school,* https://www.cbsnews.com/baltimore/news/dozen-more-former-students-allege-sexual-abuse-at-baltimore-county-private-school/ (last accessed, April 24, 2025). Amidst the dozens of similar lawsuits filed against McDonogh, no further reputational damage will be suffered from this individual complaint proceeding anonymously. Similarly, there is no unusual public interest in identifying this one individual plaintiff out of the many plaintiffs making similar allegations that would outweigh the harm to plaintiff.

The second broad "unfairness" concern occasionally present in anonymous cases is that of a plaintiff seeking to "have his cake and eat it too," by hiding behind anonymity if he loses but openly revealing himself if he wins. *Doe v. Doe*, 85 F.4th at 217. This fear too is no longer present once liability has been established. *Sidar*, 93 F.4th at 249. Plaintiff seeks to remain anonymous, not out of fear of tarnishing his reputation if he is proven wrong, but out of fear of being proven right and having the painful and shameful events of his past laid out for all to see. Any unfairness to defendant is minimal and does not justify the potential for serious harm to the plaintiff.

**Conclusion**

Taken as a whole, the five *James* factors weigh heavily in favor of allowing plaintiff to proceed pseudonymously. There is a likelihood of serious mental harm to plaintiff from the public display of exceedingly private information. Conversely, there is no unfairness to defendants or possible harm from allowing this plaintiff to proceed pseudonymously. Plaintiff respectfully requests this court grant this motion and allow him to proceed pseudonymously throughout the duration of this matter.

Respectfully submitted,

*/s/* Ari S. Casper
Ari S. Casper (Bar # 14512)
The Casper Firm, LLC
400 E. Pratt Street, Suite 903
Baltimore, MD 21202
(p) 410-989-5097
(f) 410-630-7776
(e) acasper@casperfirm.com
Attorney for Plaintiff